**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AIR SYSTEMS, INC.

    Plaintiff,

v.

JAMES R NEWTON

    Defendant.
_____/

Case No. 18-13889

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
DEFENDANT'S MOTION TO TRANFER VENUE [6]**

Pending before the Court is Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this case to the Western District of Kentucky. (ECF No. 6.) Plaintiff opposes the motion. On February 6, 2019 the Court held a hearing in connection with Defendant's motion. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss and **GRANTS** Defendant's motion to transfer venue to the Western District of Kentucky.

**I.    Background**

This matter arises out of Defendant's employment with Plaintiff Air Systems, Inc. Plaintiff is a manufacturer's representative, distributer, and systems integrator of industrial air processes, equipment, technical services, and control systems. Plaintiff is a Michigan Corporation based in Royal Oak, Michigan. From 2011 through 2018, Defendant was employed by Plaintiff as an outside sales representative. According to the complaint, Defendant was employed out of Plaintiff's office in Royal Oak, Michigan. Defendant

1

states that he worked exclusively in Louisville, Kentucky throughout his entire employment with Plaintiff.

On June 22, 2018, Defendant resigned from his employment with Plaintiff. Defendant claims that he quit because Plaintiff failed to pay him his agreed upon wages over a period of several years. On July 17, 2018, Defendant filed a lawsuit against Plaintiff seeking to recover those unpaid wages and commissions. Defendant's wage lawsuit is currently pending in the United States District Court for the Western District of Kentucky, Louisville Division.

Plaintiff did not assert any counterclaims in the Kentucky lawsuit. Instead, on November 2, 2018, Plaintiff initiated this action against Defendant in state court in Oakland County, Michigan. On November 11, 2018, Defendant removed the case to this Court on diversity grounds.

In its complaint, Plaintiff asserts several claims against Defendant arising out of his resignation and subsequent business activities. These claims include allegations of tortious interference with Plaintiff's business contracts, existing customers, and future contracts, conversion of Plaintiff's confidential and proprietary information by allegedly refusing to return materials to Plaintiff, unfair competition, and unjust enrichment. Plaintiff alleges that it suffered lost profits and lost business opportunities as a result of Defendant's alleged conduct and seeks to recover damages from Defendant.

Defendant moves to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant is a resident of Kentucky and claims that he resided in Kentucky during the entire term of his employment with Plaintiff. Defendant admits to having limited contacts with the state Michigan during his

employment, but contends that none of this conduct relates to Plaintiff's claims. Defendant states that in his eight years of employment with Plaintiff he only travelled to Michigan on four occasions. First, in 2012, Defendant travelled to Plaintiff's office in Michigan for one day to present a summary of the 2011 sales results of Plaintiff's Kentucky office. Second, in 2013, Defendant travelled to Plaintiff's Michigan office for one day to present a summary of the 2012 sales for Plaintiff's Kentucky office. Defendant did not travel to Michigan from 2014 through 2017. But, in 2018 he took his third and fourth trips to Michigan: one to discuss the 2018 sales results of the Kentucky office, and the other to discuss alleged issues with the payment of his wages and commissions by Plaintiff.

Defendant claims that aside from these four trips, none of his work for Plaintiff occurred in Michigan. Defendant alleges that he worked exclusively in Plaintiff's Louisville, Kentucky office throughout his employment and that all of the projects he performed were located in states other than Michigan. Defendant maintains that none of the customers or vendors for whom Defendant provided services on behalf of Plaintiff were based in Michigan. Thus Defendant asserts that Plaintiff's claims for tortious interference, conversion, unfair competition, and unjust enrichment do not arise out of his limited contacts with the state of Michigan and therefore the Court's assertion of personal jurisdiction would be improper.

Plaintiff opposes Defendant's motion and contends that Defendant is subject to limited personal jurisdiction under MCL 600.705. Plaintiff submits the affidavit of its president who identifies a number of contacts between Defendant and the state of Michigan. According to Plaintiff, Defendant's contacts with the state of Michigan include

reporting to Plaintiff's owners, inside sales personnel, engineering, and accounting personnel in Michigan; attending training and work related meetings in Michigan; and regularly accessing Plaintiff's computer servers in Michigan. Plaintiff also contends that Defendant regularly utilized and relied on Plaintiff's Michigan office for conducting his duties as Plaintiff's outside sales representative. For example, all inside sales functions for Defendant's jobs or projects were performed by Plaintiff's employees in Michigan. All confidential or proprietary information acquired by Defendant originated out of Plaintiff's office in Michigan. Defendant provided payroll and expense reimbursement information to and was issued payment out of Plaintiff's office in Michigan. And all of Defendant's employment related files were purportedly kept in Michigan.

Plaintiff argues that although Defendant's tortious conduct at issue in this lawsuit may not have physically occurred in Michigan, the consequences of the conduct occurred in Michigan. According to the complaint, at the time Defendant resigned, Plaintiff was expecting several jobs that Defendant had quoted and had reported to be imminent orders awaiting final signatures on paperwork. These jobs did not materialize as expected. In addition, Plaintiff contends that Defendant retained but refused to turn over job files, drawings, blueprints, customer bid documents, estimates, paperwork, and other documents belonging to Plaintiff. Plaintiff alleges that as a result of Defendant's actions and failure to return the retained documents, Plaintiff either lost out on or could not perform projects it was awarded or was in the process of being awarded.

In the alternative to its motion to dismiss for lack of personal jurisdiction, Defendant requests that the Court transfer this case to the Western District of Kentucky where Defendant's wage action is already pending. Plaintiff opposes this alternative relief.

4

## II. Standard

Two statutes allow district courts to transfer venue: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). "Section 1404(a) permits a transfer to any district where the case could have been brought for the convenience of parties and witnesses and in the interest of justice," while "Section 1406(a) enables a district court to transfer venue in the interest of justice when venue is improper in the original forum to any district or division in which it could have been brought." *Global Crossing Telecommunications, Inc. v. World Connection Group, Inc.*, 287 F. Supp. 2d 760, 763 (E.D. Mich. 2003) (internal quotation marks omitted) (footnote omitted). A court may not transfer venue under § 1404(a) if the court lacks jurisdiction over a defendant, but it may transfer venue under § 1406(a) even if it lacks personal jurisdiction. *Id.* at 763-764. Thus, the Court must first consider whether it has personal jurisdiction over Defendant.

When presented with a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court may decide the motion on the basis of written submissions and affidavits alone. *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). When a court decides to pursue that path, the plaintiff must meet a "relatively slight" burden of a prima facie showing that personal jurisdiction exists to survive the motion. *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). The plaintiff can do so by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 Fed.Appx. 427, 429 (6th Cir. 2014). The court must view the pleadings and affidavits in the light most favorable to the plaintiff, *Estate of Thompson*, 545 F.3d at 360, and may

only dismiss if the specific facts alleged by the plaintiff collectively fail to make a prima facie case for jurisdiction, *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). "A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

Michigan's long-arm statute has been construed "to bestow the broadest possible grant of personal jurisdiction consistent with due process." *Audi AG & Volkswagon of Am., Inc. v. D'Amatom*, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). The statute extends both general and limited jurisdiction over nonresident individuals and corporations. *See* Mich. Comp. Laws § 600.701 (general, individuals); Mich. Comp. Laws § 600.705 (limited, individuals); Mich. Comp. Laws § 600.711 (general, corporations); Mich. Comp. Laws § 600.715 (limited, corporations). Limited personal jurisdiction for particular claims may be established where the claims derive from a tortious act or consequence within the state. Mich. Comp. Laws § 600.705(2).

The Due Process Clause requires that a defendant have sufficient "minimum contacts" with the forum state, such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). "There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Id.* at 712-713.; *W. Hill Farms,*

*LLC v. GeoStar Corp.*, No. 17-CV-13247, 2018 WL 4178495, at *2–3 (E.D. Mich. Aug. 31, 2018).

### III. Analysis

### A. Personal Jurisdiction

Plaintiff concedes that the Court lacks general jurisdiction over Defendant. Therefore the Court's analysis centers on whether Defendant is subject to limited personal jurisdiction in connection with Plaintiff's claims. Under Mich. Comp. Laws § 600.705(2), Michigan courts may take limited personal jurisdiction over a person when an action performed by them has "[done or caused] an act to be done, or consequences to occur, in the state resulting in an action for tort." *See W. Hill Farms, LLC*, 2018 WL 4178495, at *3.

Defendant argues that the Court's assertion of limited personal jurisdiction here is not proper because none of the alleged tortious conduct occurred in Michigan, and Defendant's limited contacts with the state of Michigan are not sufficient to establish jurisdiction in connection with Plaintiff's claims. Defendant further argues that Plaintiff's status as a Michigan company does not subject Defendant to this Court's jurisdiction for his out-of-state conduct even though Plaintiff may ultimately have been injured in Michigan. Put differently, Defendant contends that there is no basis to find that the consequences of Defendant's conduct occurred in Michigan simply because Plaintiff happens to be based in Michigan. In support of this position Defendant points to *Green v. Wilson*, 455 Mich. 342, 352, 565 N.W.2d 813, 817 (1997) and *Price v. Shessel,* 415 F. Supp. 306 (E.D. Mich. 1976).

In *Green, a* Michigan resident filed suit in Michigan state court against a Canadian driver for injuries sustained by the Michigan resident in a drunk-driving accident occurring in Canada. *Green*, 455 Mich. at 352. The Michigan Supreme Court held that Michigan lacked limited personal jurisdiction over the Canadian resident in connection with the Michigan resident's claims because both the tortious acts (the intoxicated driving and the auto accident) and the consequences of the acts (the personal injuries sustained in auto accident) occurred in Canada. *Id.*

In *Price,* a Michigan resident brought a medical malpractice claim against a hospital located in Georgia and the individual doctor from Georgia for negligent treatment that took place in Georgia. *Price,* 415 F. Supp. at 307. Although the ultimate consequences of the defendants' actions were felt in Michigan in that the plaintiff, following the allegedly negligent treatment, suffered the effects of the treatment while in Michigan and was treated in Michigan for her subsequent medical problems, the court held that it lacked personal jurisdiction over the hospital and the doctor in connection with the plaintiff's claims because both the negligent conduct and the resulting injury occurred in Georgia. *Id.*

Taken together, these cases stand for the well-established proposition that it is the place of injury—not the residence of the plaintiff—that is relevant for determining where the consequences of the tortious act occur. *See Green*, 455 Mich. at 352 (explaining that either the tortious conduct or the injury must occur in Michigan in order for the Court to exercise personal jurisdiction over the defendant); *Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991) ("These cases reason that the 'consequence' is the tort claim itself and it must arise within Michigan as a result of the defendant's extra-territorial action:

8

where the injury occurs outside the state, the cause of action—the consequence—does also."). Thus when the plaintiff's allegations center around a negligent activity causing personal injury, the tortious conduct and the consequences of the tort will often occur in the same place. In contrast, in the context of a business tort, such as a tortious interference claim or a claim for the misappropriation of trade secrets, the consequences of the tortious conduct may occur in a state other than the state in which the tortious conduct physically occurred. *See, e.g., Ajuba Int'l, L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 681 (E.D. Mich. 2012) (holding that exercise of personal jurisdiction of defendants based in India was proper where the defendants were alleged to have misappropriated the Michigan-based plaintiff's trade secrets and confidential information and tortiously interfered with its contracts and business relationships, thereby causing consequences in Michigan resulting in an action for tort); *Park W. Galleries, Inc. v. Hochman*, No. 08-12247, 2009 WL 728535, at *5 (E.D. Mich. Mar. 19, 2009) (exercising personal jurisdiction over out of state defendant in connection with defamation and tortious interference claims where tortious conduct was alleged to have caused injury to the plaintiff's business in Michigan).

Here, Plaintiff alleges that Defendant tortiously interfered with its business contracts and customers, and converted Plaintiff's property, causing injury to Plaintiff in Michigan. In the context of this personal jurisdiction analysis, Defendant, a Kentucky resident, allegedly interfered with the business contracts and customers of his Michigan-based employer. Defendant is also alleged to have converted the property of his Michigan-based employer. In contrast to the situations presented in *Green* and *Price* where the Michigan-resident-plaintiffs actually suffered their respective injuries outside of

Michigan, the consequences of Defendant's alleged tortious activities were instantaneously felt by Plaintiff in Michigan. In other words, Defendant's allegedly tortious conduct, if true, actually injured Plaintiff in Michigan.

Under the facts and circumstances presented here, it is certainly reasonable for Defendant to expect to be subject to suit in Michigan for claims arising out of his employment as the outside sales representative of a Michigan-based company. It is equally reasonable for Defendant to expect to be subject to suit in Michigan for his conduct in allegedly usurping business opportunities and proprietary business information from his Michigan-based employer. Accordingly, the Court finds that Defendant is subject to limited personal jurisdiction in this Court in connection with Plaintiff's claims.

### B. Venue

Defendant next moves this Court to dismiss this action for *forum non conveniens* or, in the alternative, to transfer venue to the Western District of Kentucky. *See* 28 U.S.C. §§ 1391, 1404; Fed.R.Civ.P. 12(b)(3). Defendant argues that venue in the Eastern District of Michigan is improper because Defendant resides in Kentucky and there are no events that occurred in Michigan or property located in Michigan that are the subject of this suit. *See* 28 U.S.C. § 1391. Defendant further maintains that litigating this dispute in the Western District of Kentucky alongside Defendant's previously filed suit would be more convenient for the parties and in the interests of justice.

Because federal subject matter jurisdiction in this case is based solely on diversity of citizenship under 28 U.S.C. § 1332, venue is governed by 28 U.S.C. § 1391(a). "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant

resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Defendant bears the burden of establishing that venue is improper. *Kelly Servs. v. Eidnes*, 530 F. Supp. 2d 940, 948 (E.D. Mich. 2008). Defendant must show that (1) no substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan and that (2) no substantial part of the property that is the subject of the action is located in the district. *See* 28 U.S.C. § 1391(a)(2). In articulating the meaning of "substantial part," the United States Court of Appeals for the Sixth Circuit has stated that "this includes any forum with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir.1998) (citation omitted). Another court has stated that § 1391(a)(2) "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenge venue, even if a greater part of the events occurred elsewhere." *Greenblatt v. Gluck,* 265 F.Supp.2d 346, 352 (S.D.N.Y.2003) (citations omitted). Thus, even if a majority of the events occurred in the Kentucky, venue can still be proper in the Eastern District of Michigan if there is a substantial connection or contact between this case and the district. *See Amphion, Inc. v. Buckeye Electric Co.*, 285 F.Supp.2d 943, 946 (E.D. Mich. 2003).

For example, in *Kelly Services v. Eidnes*, 530 F.Supp.2d 940 (E.D. Mich. 2008), the Court found the "substantial part" requirement in § 1391(a)(2) to be met where the

defendant "availed herself of employment with a Michigan-headquartered company that apparently required her to interact with its Michigan based computers and Michigan based personnel." *Kelly Services*, 530 F.Supp.2d at 949. The Court also pointed to the fact that the information the plaintiff sought to through the lawsuit was based in Michigan. *Id.* In contrast, in *Alps Auto., Inc. v. Bear Stearns Inv. Prod., Inc.*, No. 08-13950, 2009 WL 10680275, at *3 (E.D. Mich. Apr. 7, 2009), the court distinguished *Kelly Services* and found that the "substantial part" requirement was not satisfied where the only connection to Michigan was the fact that the plaintiff was a Michigan corporation headquartered in Michigan.

Here, the parties dispute whether venue is proper in the Eastern District of Michigan. Plaintiff argues, as it did with the issue of personal jurisdiction, that the "substantial part" element is satisfied because of Defendant's employment relationship with Plaintiff and the allegation that he caused harm to a Michigan company. In arguing that venue is improper in this Court, Defendant stresses that none of the allegedly tortious conduct physically occurred in the Eastern District of Michigan even if the consequences of the conduct may have occurred in Michigan. The Court finds some merit to both arguments. However, as discussed below, the Court finds that the interests of justice require transferring this case to the Western District of Kentucky. Therefore the Court need not determine whether venue is proper in the Eastern District of Michigan.

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision is "intended to place discretion in the district court to

adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). "A district court 'has broad discretion to grant or deny a motion to transfer [a] case.' " *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir.1994) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986)); *Applied Energy Techs., Inc. v. Solar Liberty Energy Sys., Inc.*, No. 09-CV-11959-DT, 2009 WL 2777079, at *4 (E.D. Mich. Aug. 27, 2009).

To transfer an action under § 1404(a) the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.,* 860 F.Supp. 393, 398 (E.D.Mich.1994). Factors to consider in determining whether to transfer venue include: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) the trial efficiency and the interests of justice, based on the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D.Mich.2000). As Defendant notes, the factors considered under § 1404(a) are basically the same as the Court's analysis under the doctrine of *forum non conveniens*.

The first step in the analysis is to determine whether venue would have been proper had the action been originally filed in the transferee forum. 28 U.S.C. § 1404(a). Here, venue would have been proper if this suit was filed in the Western District of Kentucky. Defendant is a resident of Kentucky and a substantial portion of the facts giving rise to Plaintiff's claims occurred in Kentucky. Accordingly, under 28 U.S.C. § 1391(a)(1) and (2), venue would have been proper if this case had been initially filed in Kentucky. The court now turns to the analysis of the relevant factors in determining whether to transfer venue.

1. **Convenience of the Parties and Witnesses**

The convenience of the witnesses is one of the most important factors in considering a motion to transfer venue. 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3851 at 415 (2d Ed.1986); *see Thomas v. Home Depot, U.S.A., Inc.,* 131 F.Supp.2d 934, 937 (E.D. Mich. 2001). In this case, the party-witnesses appear to be split between Kentucky and Michigan. It is unclear from the parties' briefing where the nonparty witnesses reside. However, given that none of Defendant's business was conducted in Michigan, it is unlikely that any nonparty fact witnesses will be located in Michigan. At the hearing on Defendant's motion, Plaintiff claimed that the only nonparty witnesses in this case will be its expert witnesses who are located in Michigan. The Court is skeptical of Plaintiff's assertion that no nonparty discovery will be conducted in case based on allegations necessarily involving nonparties. But even if Plaintiff truly does not intend to call as witnesses any of the nonparty customers allegedly stolen by Defendant or any of the other persons involved in Defendant's allegedly tortious conduct, Defendant may call such nonparty witnesses to defend against Plaintiff's claims.

Moreover, discovery from all of the party witnesses will already be conducted in Kentucky in connection with Defendant's currently pending Kentucky case. Thus there will not be significant additional burdens for the Michigan witnesses to also participate in discovery related to this action in Kentucky. The court concludes that this factor weighs in favor of Kentucky.

2. **Availability of Process To Compel Attendance of Witnesses**

Another factor in considering whether to transfer venue under § 1404 is the availability of process to compel the attendance of unwilling witnesses. *Overland,* 79 F.Supp.2d at 811. This factor appears to be neutral or weighing slightly in Defendant's favor. Plaintiff claims that its retained expert witness is the only nonparty witnesses it intends to call at trial. Therefore Plaintiff be able to secure the appearance of all of its witnesses in Kentucky to support its claims. Because Defendant is based in Kentucky, and it is clear that none of Defendant's potential witnesses are based in Michigan, Defendant may face more difficulties in compelling the attendance of its potential witnesses. That being said, the Federal Rules of Civil Procedure provide a mechanism for obtaining discovery from nonparties located outside the jurisdiction of the Court and therefore both parties should be able to obtain discovery from nonparty witnesses.

3. **Location of Relevant Documents and Access to Proof**

This factor leans slightly in Defendant's favor. The witnesses, as discussed, are split between the venues and access to documents is a less significant factor in this "era of photocopying, fax machines, and Federal Express." *Coker v. Bank of Am.,* 984 F.Supp. 757, 766 (S.D.N.Y.1997). And depositions of the witnesses are likely to be conducted where the witnesses are located, regardless of venue. However, as Defendant points

out, the only documentary evidence referenced in Plaintiff's complaint are the records which Plaintiff accuses Defendant of unlawfully retaining. These records, as well as the records of Defendant's own employees or customers, to the extent they exist and are relevant, would be located in the Western District of Kentucky.

4. **Locus of Operative Facts**

The locus of operative facts slightly favors venue in Kentucky. While it is certainly true that the consequences of Defendant's alleged conduct reached Michigan, the allegedly tortious conduct actually occurred in Kentucky. Thus, this factor tips slightly in favor of a Kentucky venue.

5. **Relative Means of the Parties**

This factor weighs slightly in favor of the Defendant. Defendant is an individual with presumably less resources than Plaintiff. Moreover, Plaintiff is already expending the costs of litigating in the Western District of Kentucky. The additional costs of pursuing the claims asserted in this action will not require significant additional expense over its defense costs. Both parties would benefit by having the cases consolidated in one location.

6. **Forum's Familiarity with the Law**

The forum's familiarity with the governing law is again split between the parties. Whichever federal court presides over this action will apply the same relevant state law. However, it is likely that this court is more familiar with Michigan law and the Kentucky federal court is more familiar with Kentucky law. *See Detroit Coke Corp. v. NKK Chem. USA, Inc.,* 794 F.Supp. 214, 219 (E.D.Mich.1992) ("It is axiomatic that the construction of state law is best given to a court most familiar with it."). But either federal court is well-

equipped to interpret and apply the applicable state law for a case such as this sitting in diversity. This factor does not weigh in favor of either party.

### 7. Weight accorded to plaintiff's choice of forum, trial efficiency, and the interests of justice

With the majority of the foregoing factors generally balanced in favor of Kentucky, the Court considers the weight given to Plaintiff's choice of forum, trial efficiency, and the overall interests of justice. As Defendant observes, Plaintiff's choice of forum was actually a Michigan circuit court in Oakland County, Michigan. Plaintiff did not file suit in the United States District Court for the Eastern District of Michigan. Moreover, the fact that Plaintiff filed this second lawsuit in an apparent effort to circumvent Defendant's currently pending lawsuit in the Western District of Kentucky weakens Plaintiff's request to give favor to its choice of forum. Affording significant weight to Plaintiff's choice of forum would ignore Defendant's choice of forum in filing the first action. Finally, as discussed above, transferring this case to Kentucky to allow for duel track discovery along with Defendant's currently pending action would likely reduce the parties' costs and minimize the resources of the federal judiciary in resolving the dissociation of these two parties.

The Court finds that these factors weigh in Defendant's favor. Having found that the majority of the factors weigh in favor of transferring this case to the Western District of Kentucky, the Court concludes that Defendant's motion to transfer venue should be granted.

## IV. Conclusion

For the above-stated reasons, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED. Defendant's motion to transfer this action to the Western District of Kentucky is GRANTED.

**SO ORDERED.**

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: March 19, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2019, by electronic and/or ordinary mail.

                                              s/Lisa Bartlett
                                              Case Manager